IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLES JOHNSON,
    Petitioner,

vs.                                                        Case No.: 4:16cv40/MW/EMT

JULIE JONES, et al.,
    Respondents.
_____/

**REPORT AND RECOMMENDATION**

    Petitioner, an inmate of the Florida Department of Corrections proceeding pro se, commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Petitioner did not file his petition on the court-approved form, as required by Rule 5.7(A) of the Local Rules for the Northern District of Florida; therefore, on January 27, 2016, the court issued an order directing him to do so within thirty days (ECF No. 5).

    Instead of complying with the court's order, Petitioner filed a "Motion of Response to Court Order" (ECF No. 6). Petitioner states he anticipated this court would issue such an order "tactically, to cover the State courts' violation of his Constitutional Rights" (*id.* at 1, 11). He additionally acknowledges that the Local

Rules require him to file his petition on the court-approved form (*id.* at 1).[1]  However, Petitioner states he refuses to file his § 2254 petition on the court-approved form, because that the "dynamic" of his case cannot be presented on the form (*id.*). Petitioner states the state criminal judgment is over thirty years old, and he was "forced into procedural default by his appellate counsel and the District Court of Appeal (clerk of court)" (*id.*).  Petitioner states he sought federal habeas review in this Court, Case No. 92-40006/MMP, asserting claims of ineffective assistance of appellate counsel, but this Court denied relief (*id.* at 3).  Petitioner states he then filed multiple applications for post-conviction relief in the state courts, and was re-sentenced in 2005 (*id.* at 4–8).  He alleges the new judgment is still illegal, and he is entitled to immediate release (*id.* at 8–15).  Petitioner reiterates his refusal to file an amended § 2254 petition on the court form, "because it does not need amending, because the colorable issues in the petition cannot be presented on the N.D. 2254 form" (*id.* at 13).  At the conclusion of Petitioner's "Motion of Response," he requests the following relief:

---

[1] Petitioner "corrects" the court's reference to Local Rule 5.7, and states that the correct reference is to Local Rule 5.1 (ECF No. 6 at 2).  Petitioner may not be aware that the Local Rules were revised in November of 2015, and the correct reference to the rule requiring pro se habeas petitioners to file their petitions on the court-approved form is, in fact, Rule 5.7.  *See* N.D. Fla. Loc. R. 5.7(A) (revised Nov. 24, 2015).

> Wherefore, Petitioner requests for the Court to treat this Motion of Response to the Court's order as a Motion to voluntary [sic] dismiss the petition for writ of habeas corpus with leave that Petitioner may seek or request the "immediate relief" he is entitled to in the habeas corpus [sic] in the United States Court of Appeal, Eleventh Circuit, or perhaps the U.S. Justice Department.

(ECF No. 6 at 15).

The use of a prescribed form was adopted for reasons of administrative convenience. This Court, with its large volume of habeas actions, saves valuable time if it is not required to decipher lengthy and often unintelligible petitions. Further, the § 2254 petition form approved by this Court provides an adequate means for setting forth challenges to a state judgment of conviction, regardless of whether the petitioner is challenging an original judgment or a judgment issued upon re-sentencing. In light of the administrative benefits derived from the use of the form, and the fact that the Local Rules require use of the form, the court's requiring Petitioner to present his claims on the form is appropriate.

Petitioner has clearly stated his refusal to comply with the court's order requiring him to file his petition on the court form, and he has clearly stated his desire to voluntarily dismiss his § 2254 petition. Fed. R. Civ. P. 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer, or files a motion for

summary judgment. Because Respondent has not yet served an answer (indeed, the petition has not even been served upon Respondent), it is clear that Petitioner is automatically entitled to a voluntary dismissal. However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from date upon which the judgment under attack became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted. *See* § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). Furthermore, Petitioner is advised that the pendency of the instant federal habeas action does not toll the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). *See* Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)). Additionally, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's "Motion of Response to Court Order" and incorporated request for voluntary dismissal (ECF No. 6) be **GRANTED** and this action be dismissed without prejudice.

At Pensacola, Florida, this 1<u>st</u> day of March 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**